IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

NATHAN JENSEN,

      Defendant.

Case Nos. 08-CR-682-WJ,
16-CR-2694-WJ, &
17-CR-2566-WJ

**MEMORANDUM OPINION AND ORDER**
**DISMISSING *PRO SE* MOTIONS[1] FOR SENTENCE REDUCTION**

**THIS MATTER** comes before the Court upon inmate Nathan Jensen's *pro se*[2] Motions to "Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) in Accordance with Amendment[s] 814 and 821 of the First Step Act." *See* **Doc. 95** (No. 08-CR-682); **Doc. 112** (No. 16-CR-2694); **Doc. 149** (No. 17-CR-2566). After reviewing the filings and applicable law, the Court concludes Jensen is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)—meaning this Court lacks jurisdiction, and his Motions must be **DISMISSED without prejudice**.

## BACKGROUND

The Court begins by summarizing each of Jensen's three cases. In so doing, the Court goes case-by-case and discusses the Presentence Investigation Reports ("PSR"), offense levels, criminal history categories, and advisory Guidelines—all of which is necessary to lay the groundwork for

---

[1] An identical version of Jensen's Motion for a Sentence Reduction was filed in each of his three cases. For ease of reading the Court refers to these motions, generally, as "**Sent'g Mot.**"

[2] The Court construes Jensen's *pro se* pleadings "liberally," but does not act as his advocate. *Xingfei Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

determining Jensen's eligibility for a sentence reduction under Amendment 821. Once these old-Guidelines are established, the Court then moves into its analysis.

**I. 2008 Case — 08-CR-682**

On April 8, 2008, a two-Count Indictment charged Jensen with being a felon in possession of a firearm and ammunition (**Doc. 2**). Then, in July 2009, Jensen entered into a plea agreement (**Doc. 34**) and pleaded guilty before a Magistrate Judge (**Docs. 31, 33, 35**), as to Count 2. Although immaterial, it's worth noting that Count 1 was later dismissed (**Docs. 42 & 43**)—in accordance with the plea agreement (**Doc. 34 at ¶ 13a**).

Prior to sentencing, Probation issued a PSR. The PSR determined Jensen's total offense level to be at 21 and his criminal history category VI. *See* **PSR ¶ 100**; *see also* **Doc. 38 at 2** (quoting the PSR). Thus, Probation calculated Jensen's advisory Guidelines range at 77–96 months. The parties filed Sentencing Memoranda (**Docs. 37 & 38**) arguing for—and against—Probation's calculations. At sentencing, Probation advised the Court that Jensen's criminal history points should be "adjusted from 19 to 16." **Doc. 41**. Ultimately, even after this adjustment, Jensen remained in criminal history category VI.

The Court sentenced Jensen to 84 months' imprisonment, and Judgment was entered on December 1, 2009 (**Doc. 44**).

**II. 2016 Case — 16-CR-2694**

On June 14, 2016, Jensen was Indicted (**Doc. 11**) for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Once again, Jensen entered into a plea agreement (**Doc. 41**) and pleaded guilty before a Magistrate Judge (**Docs. 39 & 40**).

Probation prepared a PSR—indicating a total offense level 30. *See* **Doc. 44 at ¶ 30**; *see also* **Doc. 80** (correcting page 5 of **Doc. 44**). Jensen's criminal history score of 26 resulted in a

criminal history category VI (**Doc. 44 at ¶¶ 45–48**). Of note, twenty-four criminal history points came from convictions, and an additional two points were added under USSG § 4A1.1(d) for committing the offense while under a criminal justice sentence. ***Id.*** at ¶ **45–47**. Lastly, the PSR also noted that Jensen was "an armed career criminal." ***Id.*** at ¶ **48**.

Based on his offense level and criminal history, Jensen's advisory Guidelines sentencing range was 168–210 months (**Doc. 44 at ¶ 105**). But because the statutorily authorized minimum sentence was 15 years, Jensen's Guideline range was actually 180–210 months. ***Id.*** (citing USSG § 5G1.1(c)(2)); *see also* **Doc. 104 (Sent'g Tr.) at 6:10–10:24 & 55:4–56:22**. On March 13, 2018, this Court sentenced Jensen to a low-end Guidelines sentence of 180 months' imprisonment—the statutory minimum (**Doc. 100**).

### III. 2017 Case — 17-CR-2566

In the most recent case, Jensen was charged with assaulting a federal employee in violation of 18 U.S.C. §§ 111(a)(1) and (b). *See* **Doc. 2**. A Superseding Indictment was filed three months later charging Jensen and a co-defendant with the same crime—as well as with aiding and abetting (**Doc. 22**). In February 2018, two months after the Superseding Indictment was filed, Jensen pleaded guilty (**Docs. 44, 48, 49**). Unlike the previous cases, there was no plea agreement here. Instead, Jensen pleaded "straight-up." **Doc. 48**.

As always, a PSR was prepared. In the original PSR (**Doc. 45**), Jensen's offense level was calculated at 33. But a second PSR was also prepared (**Doc. 51**), which determined his total offense level to be 24. ***Id.*** at ¶ **24**. Both versions of the PSR determined Jensen's criminal history score was 26—with 24 points coming from convictions, and an additional two points being added under USSG § 4A1.1(d). *See* **Doc. 45 at ¶¶ 66–69 & Doc. 51 at ¶¶ 39–41**. "Based upon a total offense

level of 24 and a criminal history category of VI, the guideline imprisonment range is 100 months to 125 months." **Doc. 51 at ¶ 98**.

The Court sentenced Jensen to 100 months' imprisonment—with 48 months running consecutive and 52 months running concurrent to the term imposed in case number 16-CR-2694 (**Doc. 50**).

\* \* \*

In the years since Jensen was sentenced, the Sentencing Commission submitted proposed amendments to its Guidelines to Congress. 88 Fed. Reg. 28254 (May 3, 2023). And, as of November 1, 2023, those newly amended Guidelines took effect. U.S. SENT'G GUIDELINES MANUAL AMEND. 821 (U.S. Sent'g Comm'n 2023); 28 U.S.C. § 994(o); 18 U.S.C. § 3582(c)(2).

Now pending before the Court are Jensen's three (identical) motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. For the reasons below, the Court finds that each motion must be dismissed.

## DISCUSSION

### I. Law Governing Sentence Reductions

Absent specific statutory authorization, this Court cannot modify a sentence after the judgment of conviction is entered. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018); *United States v. Brown*, 974 F.3d 1137, 1143 (10th Cir. 2020); *see also* 18 U.S.C. § 3582(b). "Retroactive Guideline amendments" are a valid statutory reason to modify a sentence. *United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022); *see also* 18 U.S.C. § 3582(c)(2). Under § 3582(c)(2), a court must determine "if a guideline on which the defendant's original sentence was based has been amended so that the defendant's

4

sentencing guideline range would now be lower." *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021).

Amendment 821 changed criminal history calculations. In Part A, the Commission altered the "status points" provision. *See* USSG § 4A1.1(d) & (e). Part B provides a two-offense-level reduction for offenders who present with zero criminal history points *if* the offender satisfies ten prerequisites for eligibility. *See* USSG § 4C1.1(a)(1)–(10).

Jensen received "a two-point increase in his criminal history calculation due to obtaining the instant offense while subject to a form of community supervision." **Sent'g Mot. at 8**. He argues that "due to Amendment 821," he should have the "two-point increase in the calculation of [his] criminal history category removed." *Id.* **at 9**.

The Court now explains why Jensen's reduction in criminal history points does not equate to a reduction in his criminal history category. And, without a reduction in his criminal history category, his advisory Guidelines range has not changed—meaning he is ineligible for a sentence reduction.

## II. Jensen is Ineligible for a Sentence Reduction

For starters, Jensen cannot reduce a supervised release revocation sentence under § 3582(c)(2). His motion, with respect to case 08-CR-682 must be dismissed. Next, Amendment 821 changed Jensen's criminal history score but not his criminal history category. This means his motion with respect to cases 16-CR-2694 and 17-CR-2566 must also be dismissed.

### A. Jensen's 2008 case

Starting at the beginning, the Court summarily dismisses Jensen's request for retroactive relief in case 08-CR-682. The reason is simple. Section 3582(c) "does not apply to a term of imprisonment imposed upon revocation of supervised release." *United States v. Fontenot*, 583 F.3d

743, 744 (10th Cir. 2009). In fact, USSG § 1B1.10, cmt. 8 makes it quite clear that Section 3582(c) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." This Court does not have the authority to modify a previously imposed sentence absent statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). And here, with respect to the 2008 case, no such authority exists.[3]

### B. Jensen's 2016 case

In his motion, Jensen specifically invokes the retroactive changes to status points in Part A. Applying the Guidelines in effect at sentencing, Jensen received two status points under § 4A1.1(d). *See* **Doc. 44 at ¶ 46**. Applying the retroactive changes in Amendment 821, Jensen gets only one status point rather than two status points. USSG § 4A1.1(e). That means his new criminal history score is 25 rather than 26. ***Id.* at ¶ 45**. Jensen's criminal history category remains unchanged—because any criminal history score greater than 13 results in a criminal history category of VI. At the time Jensen was sentenced on the 2016 case, he had a criminal history score of 26 which placed him in category VI. Since any criminal history score greater than 13 results in a criminal history category of VI, applying the retroactive changes in Amendment 821 changes Jensen's criminal history score to 25, but that still places Jensen in criminal history category VI because Jensen still has more than 13 criminal history points.

Although Amendment 821 reduces Jensen's criminal history score from 26 to 25, that change does not alter his criminal history category. And because the criminal history category does

---

[3] Jensen explains that "at this time," he is not asking for any sentence reduction "for the supervised release violation." **Sent'g Mot. at 18**. The Court is not quite sure what to make of this argument—but simply points out that even Jensen himself is not convinced he's eligible for a sentence reduction here.

not change, his advisory Guidelines range does not change. Thus, he is not eligible for a sentence reduction under § 3582(c)(2).[4]

### C. Jensen's 2017 case

Jensen is mistaken about what Amendment 821 did. In his view, Amendment 821 "decrease[s] one level" from his "criminal history category." **Sent'g Mot. at 17**. But that is incorrect. Instead, Amendment 821 reduces criminal history points—which are then tallied up to determine the appropriate criminal history category.

Applying the Guidelines in effect at sentencing, Jensen received two status points under § 4A1.1(d). *See* **Doc. 51 at ¶ 40**. But applying the new USSG § 4A1.1(e) to Jensen's case makes no difference—because his criminal history category is not lowered because of this reduction. Like above, when applying the retroactive changes in Amendment 821, Jensen's new criminal history score is 25 rather than 26. *Id.* **at ¶¶ 39–41**. But, once again, Jensen's criminal history category remains unchanged—and he remains in criminal history category VI.

There was no change in Jensen's criminal history category, which means there was no change in his advisory Guidelines range. As such, he is ineligible for a sentence reduction.

\* \* \*

Jensen's argument that Amendment 821 "open[s] the door for an incarcerated individual to seek a reduction of one's sentence should the incarcerated individual's sentence been calculated under the revoked former statute," is incorrect. **Sent'g Mot. at 13**. Amendment 821 is only applicable to inmates whose Guidelines range was lowered. And, as explained above, Jensen is still in criminal history category VI—despite his contention to the contrary. *Id.* **at 13–14**

---

[4] As was true above, it appears that Jensen is not asking for a sentence reduction in this case either. *See* **Sent'g Mot. at 15** (explaining "the Court's hands would be tied in regards to any reduction pertaining to the felon in possession sentence").

("Criminal history category VI does not reach [sic] an accurate representation of Mr. Jensen's criminal history.").

Given that Jensen's sentencing range remains unchanged, the requested sentence reduction doesn't fall under 18 U.S.C. § 3582(c)(2). That means this Court lacks the authority—and jurisdiction—to alter his sentence. The motions must be dismissed. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013).

Because the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the § 3553(a) factors.

### III. Passing References to Amendment 814[5]

Amendment 814 changed the compassionate release policy statement in USSG § 1B1.13, effective November 2023. Compassionate release requests fall under 18 U.S.C. § 3582(c)(1).

Given the Motion's explicit citation to § 3582(c)(2) as well as the lack of any alleged "extraordinary and compelling circumstances," the Court dismisses Jensen's requested relief under Amendment 814. The Court's decision not to review this issue that was raised in a perfunctory way finds a plethora of support in Tenth Circuit case law. *See e.g., Tryon v. Quick*, 81 F.4thh 1110, 1151 n.22 (10th Cir. 2023) (explaining a litigant who makes "a passing reference" but "fails to further expand on [an] argument" has failed to adequately present the issue); *United States v. Ellis*, 868 F.3d 1155, 1181 (10th Cir. 2017) (finding a "single footnote is insufficient to trigger [] review"); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner . . . are waived."); *see also United States v. Springer*, 444 F. App'x

---

[5] In total, Jensen's motion references "Amendment 814" a total of six times. *See* **Sent'g Mot.,** ***passim***. There are no other indicia that this filing has anything to do with a compassionate release, though. There is no mention of compassionate release anywhere. Nor is there any citation to 18 U.S.C. § 3582(c)(1). Instead, it appears as though Jensen uses Amendment 814 to assert standing to file his § 3582(c)(2) motion for a sentence reduction. *See* **Sent'g Mot. at 10–12** (discussing a pro se inmate's ability to file motions for sentence reductions—citing "jurisdiction" and his right to "be heard").

256, 260 n.4 (10th Cir. 2011) (unpublished) ("[P]assing references to other potential issues" are waived for review). Plus, to rule otherwise would require the Court to act as Jensen's advocate—which is impermissible. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining "th[e] rule of liberal construction stops . . . at the point at which [the Court] begin to serve as [the pro se litigant's] advocate").

## CONCLUSION

In sum, Jensen is ineligible for relief under Amendment 821's retroactive change to USSG § 4A1.1 because his criminal history category did not change. Even if the Court subtracts away his excess "status point," Jensen remains criminal history VI and his advisory Guidelines range remains the same.

**IT IS THEREFORE ORDERED** that Jensen's *pro se* Motions for a sentence reduction are **DISMISSED without prejudice** for lack of subject matter jurisdiction.[6]

Additionally, to the extent Jensen seeks a compassionate release, that request is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Jensen also filed a letter with the Court. *See* **Doc. 96** (No. 08-CR-682); **Doc. 113** (No. 16-CR-2694); **Doc. 150** (No. 17-CR-2566). The Court acknowledges receipt of Jensen's apology—but no such apology was necessary.